## WEST & BRO. *v.* J. DOWLING & BRO.

**Damages, Measure of—Warranty, Covenant of.**

Appellees bought whisky barrels, which they knew were leaky; this leakage continued, without effort by them to stop same, they relying on their general warranty as to the perfect condition of the barrels: Held that the criterion of damages only was the difference between the barrels furnished and those contracted for.

**Depositions—Evidence—Affidavit to Suppress.**

A motion was made to suppress a deposition and in support of same, an affidavit was made by the attorney that he was present when the deposition was given, that on the conclusion of examination for appellee, the witness refused to be cross-examined, and were encouraged in this refusal by counsel for appellees. Held, in the absence of any conflicting proof as to the takking of the deposition, it was error for the court to refuse the affidavit to be read as evidence, and not to suppress the deposition.

APPEAL FROM FAYETTE CIRCUIT COURT.

September 30, 1871.

OPINION OF THE COURT BY JUDGE PRYOR.

We perceive no error prejudicial to the appellants in the instructions given, as to the criterion of damages for the alleged violation of the contract as set forth in appellants' counter-claim. Many authorities have been referred to by counsel for appellant and some of them tending to sustain the legal position assumed. There are many cases to be found in the books where the measure of damages is established, but the rule is made to change, by the facts proven in each particular case. The case referred to in Sedgwick on Damages, page 86, where the action was brought in the English Common Pleas on the warranty of a chain cable, "that it would last two years as a substitute for a rope cable" and it was alleged that within the two years the cable broke, and thereby an anchor attached to it was lost, the court held that the warrantor was liable on his warranty for the value of the anchor. *Bonodaile vs. Bronston, 8 Stanton.* Another case cited is where one made a rope for another knowing that it was to be used in raising and lowering casks, and a cask of wine was spilled by reason of the rope breaking, it was held that a recovery might be had, for the cask of wine. These are extreme cases and no adjudication can be found in this State going so far in determining the question of damages, and Sedgwick in a note referring to the decision of the English court in regard to the cable, remarks "that the case is badly reported or the Commonwealth's chief parties gave the warranty a very broad construction." There is a material distinction however between the case at bar and the cases above referred to. The damages in each one of those cases was sudden and complete and no effort upon the part of the owner of the wire or cable could have prevented the loss, and in the case we are now considering the appellees knew the moment the whiskey was placed in the barrels, that it was leaking out; this leakage continued for weeks, and they stood quietly by, and permitted the whiskey to escape from the barrels, when it was in their power to have prevented it—this they failed, or refused to do, relying, as they allege upon their warranty. We concur with the court below, that the criterion of damages in this case

is the difference between the barrels furnished, and those con-tracted for. On the trial of the case in the court below the appellants filed exceptions to the depositions of John Finn and Hugh Stafford and moved the court to suppress their depositions. They offered to read in support of the motion the affidavit of D. W. Armstrong an attorney stating that as attorney for appel-lants he was present at 9 o'clock a. m. of the day on which these depositions were taken and the examiner having concluded the examination of the witnesses for the appellees the witnesses refused to be cross-examined, and were encouraged in this refusal by counsel for appellees. The appellees objected to the reading of this affidavit and the objection was sustained, and the deposi-tions read to the jury. "An affidavit is a written declaration under oath made without notice to the adverse party." Sec. 608 of the Civil Code, provides "that an affidavit may be read upon a motion, and in any other case provided by law." The court erred in refusing to permit the affidavit of Armstrong to be read and with this affidavit before the court and in the absence of any conflicting proof in regard to the taking of these depositions, they should have been suppressed. This testimony was material to the issue involved and no doubt affected the verdict of the jury, for this error the judgment is reversed and cause remanded for further proceedings not inconsistent with this opinion.

*Kinkead & Darnall, for appellants.*
*Huston & Mulligan, for appellees.*